UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
-----------------------------------------------------------X
Guillermo Landazabal,

                        Plaintiff,

      -against-

Allied National, Inc.,

                        Defendant.
-----------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

Plaintiff Guillermo Landazabal (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, as and for his Complaint against Defendant Allied National, Inc. (hereinafter referred to as "Defendant"), respectfully sets forth as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of 15 U.S.C. Sec. §1692 *et seq*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as, "FDCPA").

2. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

3. The activities giving rise to the violations alleged herein include, among other things, the collection of a debt using misleading practices.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive

1

debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Florida, County Broward. Plaintiff maintains his residence at 3001 NE 185th Street, Apartment 209, Miami, Florida 33180.

7. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

8. Upon information and belief, Defendant is a foreign corporation incorporated under the laws of the State of Nebraska, maintaining its principal place of business at 440 Regency Parkway, Omaha, Nebraska 68114 and is authorized to conduct business in the State of Florida.

9. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA. Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of http://www.andc.com, Defendant informs visitors to the site that it is a "commercial and consumer debt collection agency". Thus, Defendant holds itself out as an entity engaged in the business of being a "debt collector" of consumer debts and is subject to the FDCPA.

10. Upon information and belief, Defendant was attempting to collect an alleged debt in the State of Florida (hereinafter referred to as " Alleged Debt") from Plaintiff that arose out of a transaction in which money, services, or property, which was the subject of the transaction was

primarily used for family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

11.     Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.     Plaintiff allegedly incurred a debt to South Exchange, Inc.

16.     Beginning in or around 2012, Defendant commenced collection activities against Plaintiff to recover the Alleged Debt.

17.     On or about March 7, 2012, Plaintiff sent a letter to the Defendant requesting a validation of the debt. A copy of the letter and proof of mailing is annexed hereto collectively as Exhibit A.

18.     On or around August 2012, Defendant left a message on Plaintiff's answering machine with respect to the Alleged Debt. In that communication, Defendant failed to state that is was a debt collector attempting to collect a debt and that any information obtained would be used for

that purpose. Such disclosures are commonly referred to as "mini-Miranda" disclosures and were not included in this communication.

19. Since its receipt of the written communication from the Plaintiff, Defendant has failed to provide verification information to the Plaintiff despite Plaintiff's request.

20. Furthermore, Defendant failed to report the debt as "disputed" to the credit reporting bureaus, notwithstanding Plaintiff's written communication to Defendant formally stating the dispute.

21. As a result of the Defendant's deceptive, false, misleading, and/or unfair debt collection practices, Defendant has violated at least one provision of the FDCPA and, accordingly, Plaintiff is entitled to an award of damages.

22. A good faith attempt was made to resolve this matter prior to commencement of the within action.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(11))

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's conduct violated 15 U.S.C. §1692e(11) in that Defendant failed to provide Plaintiff with the mandated mini Miranda warning to disclose that it is a debt collector, attempting to collect a debt, and any information obtained would be used for that purpose.

25. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(8))

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. Defendant's conduct violated 15 U.S.C. §1692e(8) in that Defendant willfully failed to report that a disputed debt is disputed.

28. As a result of Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

29. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Guillermo Landazabal demands judgment from the Defendant Allied National, Inc., as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C. For a declaration that the Defendant's practices violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       February 15, 2013

                Respectfully submitted,

By: s/Jerald Belofsky, Esq.
    Jerald Belofsky, Esq.
      Fredrick Schulman & Associates
    Attorneys at Law
    Attorney for Plaintiff
    30 East 29TH Street
    New York, New York 10016
    (212) 796-6053
    (212) 951-7379
    info@fschulmanlaw.com